# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

WILLIAM LEE GRANT II,

                Plaintiff,

v.

SPECIAL COLLECTION SERVICE, *et al*,

                Defendants.

Case No. 4:19-cv-00031-RRB

## ORDER OF DISMISSAL

On September 10, 2019, self-represented litigant, William Lee Grant II, filed a "14th Amendment Complaint," along with an Application to Waive the Filing Fee.[1]

Mr. Grant alleges a vast conspiracy in which he names the Special Collection Service, Office of the Secretary of Defense, the Missile Defense Agency, the State of Illinois as defendants.[2] Mr. Grant alleges constitutional violations under the Fourth, Fifth, Seventh, and Fourteenth Amendments of the U.S. Constitution, styled as: "What are the Ramifications of the DOD keeping Mr. Grant in Illinois for nearly thirty (30) years under the threat of military force?"

Mr. Grant alleges that President Ronald Reagan directed the Secretary of Defense "to create Mr. Grant in the basement of the Pentagon to predict future nuclear missile attacks."[3] He further alleges that he was taken to Springfield,

---

[1] Dockets 1-2.

[2] Docket 1 at 1.

[3] Docket 1 at 2.

Illinois, where he was "beaten; endure[d] psychological warfare; and to be the United States Department of Defense's witness to the 9/11 terrorist attacks," and was illegally surveilled by the U.S. Attorney's Office for the District of Central Illinois.[4] He further alleges that the government surveillance resulted in interference with his medical care and a false driving under the influence charge, and forced him to "act gay" under threat of sexual violence.[5] Mr. Grant also alleges that he worked for the State of Illinois, but his employment was fraught with difficulties and ended in him "blacklisted."[6]

Mr. Grant makes vast allegations against numerous government officials and agencies.[7] He alleges that he has been sexually assaulted by several people at the direction of an Assistant U.S. Attorney. He also alleges a variety of political and government conspiracy theories citing numerous local, state, and federal government officials and agencies, including the Central Intelligence Agency, the National Security Agency, and the Missile Defense Agency. Mr. Grant also alleges a variety of celebrity and international conspiracy theories including, but not limited to, those surrounding British royalty, Louis Farrakhan, Suge Knight, O.J. Simpson, and Kurt Cobain, and discusses the genitals of several public figures.

---

[4] Docket 1 at 2.

[5] Docket 1 at 2-3

[6] Docket 1 at 3-5.

[7] Docket 1 at 5-15.

4:19-cv-00031-RRB, *Grant v. Special Collection Service, et al.*
Order of Dismissal
Page 2 of 7
Case 4:19-cv-00031-RRB   Document 3   Filed 10/30/19   Page 2 of 7

For relief, Mr. Grant requests damages in the amount of "$99 trillion."[8]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[9] In this screening, the court shall dismiss the case at any time if it determines that the action:

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)   seeks monetary relief against a defendant who is immune from such relief.[10]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[11] In conducting its review, the court must liberally construe a self-represented plaintiff's pleading and

---

[8] Docket 1 at 11.

[9] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[10] 28 U.S.C. § 1915(e)(2)(B).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

4:19-cv-00031-RRB, *Grant v. Special Collection Service, et al.*
Order of Dismissal
Page 3 of 7
Case 4:19-cv-00031-RRB   Document 3   Filed 10/30/19   Page 3 of 7

give the plaintiff the benefit of the doubt.[12] Before the court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, it must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[13]

## DISCUSSION

Mr. Grant has failed to state a claim upon which relief can be granted by this Court. Additionally, Mr. Grant has already litigated these allegations at multiple courts across the country, rendering this lawsuit frivolous. Therefore, the complaint must be dismissed with prejudice.

I. <u>Failure to State a Claim</u>

A complaint needs to provide "a short and plain" description of claims and what specific law was violated. Rule 8 of the Federal Rules of Civil Procedure expressly requires that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[14] Mr. Grant's complaint is a dense narrative which discusses his numerous allegations concerning his own birth or

---

[12] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[13] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[14] Fed. R. Civ. P. 8(a)(2).

4:19-cv-00031-RRB, *Grant v. Special Collection Service, et al.*
Order of Dismissal
Page 4 of 7
Case 4:19-cv-00031-RRB   Document 3   Filed 10/30/19   Page 4 of 7

"creation," his role as part of a Department of Defense creation and/or operative, specific events that occurred at unknown places and times in his life, and numerous government and celebrity conspiracy theories.

Mr. Grant has not alleged a short and plain statement of the facts that shows a violation of Mr. Grant's constitutional rights by any of the named defendants. Importantly, Mr. Grant does not allege facts that support his core allegation: "What are the ramifications of the DOD keeping Mr. Grant in Illinois for nearly thirty (30) years under the threat of military force?" Even if Mr. Grant has a legitimate employment claim against the State of Illinois, the District of Alaska would be an improper venue and there are no facts to support a transfer of this case to Illinois.[15] This is especially true in light of Mr. Grant's extensive litigation featuring some or all of the defendants across all the federal district courts of Illinois.[16] Thus, Mr.

---

[15] *See generally* 28 U.S.C. §§ 1391, 1404.

[16] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201; *See Grant, II v. U.S. Dept. of Defense et al.*, Case No. 3:19-cv-00979 (S.D. Ill. 2019); *Grant v. U.S. Dept. of Defense*, Case No. 3:19-cv-00332 (S.D. Ill. 2019); *Grant v. Office of the Illinois Governor*, Case No. 3:19-cv-03025 (C.D. Ill. 2019); *Grant v. U.S. Department of Defense et al.*, Case No. 3:19-cv-03020 (C.D. 2019); *Grant v. Dunford et al.*, Case No. 3:19-cv-03016 (C.D. Ill. 2019); *Grant v. Dunford et al.*, Case No. 3:19-cv-03019 (C.D. Ill. 2019); *Grant v. Mattis et al.*, Case No. 3:19-cv-03018 (C.D. Ill. 2019); *Grant v. Harris et al.*, Case No. 3:19-cv-03017 (C.D. Ill. 2019); *Grant v. Harris et al.*, Case No. 3:19-cv-03015 (C.D. Ill. 2019); *Grant v. Mattis et al.*, Case No. 3:19-cv-03014 (C.D. Ill. 2019); *Grant v. U.S. Department of Defense et al.*, Case No. 3:19-cv-03001 (C.D. 2019); *Grant v. US Department of Defense*, Case No. 3:18-cv-03189 (C.D. Ill. 2018); *Grant v. US

4:19-cv-00031-RRB, *Grant v. Special Collection Service, et al.*
Order of Dismissal
Page 5 of 7
Case 4:19-cv-00031-RRB   Document 3   Filed 10/30/19   Page 5 of 7

Grant has failed to state a claim upon which relief may be granted, and his complaint must be dismissed.

II. <u>Frivolous Lawsuits</u>

In accordance with federal law, a court must dismiss a case "at any time if the court determines that the action or appeal is frivolous or malicious."[17] The term frivolous, or frivolous as a matter of law, is a legal term. It means that a case or complaint "lacks an arguable basis either in law or in fact."[18] When a court evaluates for whether a complaint is frivolous, it must "pierce the veil of the complaint's factual allegations to determine whether they are fanciful, fantastic, or delusional."[19] Additionally, a complaint may be frivolous if it merely repeats pending or previously litigated claims."[20]

---

*Department of Defense*, Case No. 3:18-cv-03131 (C.D. Ill. 2019); *Grant v. US Department of Transportation et al.*, Case No. 3:18-cv-03130 (C.D. Ill. 2018); *Grant v. Office of the Illinois Governor*, Case No. 3:18-cv-03073 (C.D. Ill. 2018); *Grant v. Illinois Department of Employment Security*, Case No. 3:18-cv-03054 (C.D. Ill. 2018); *Grant v. Kabaker et al.*, Case No. 3:17-cv-03302 (C.D. Ill. 2017); *Grant v. U.S. Department of Justice*, Case No. 3:17-cv-03274 (C.D. Ill. 2017); *Grant, II v. U.S. Department of Justice*, Case No. 3:17-cv-01257 (S.D. Ill. 2017); *Grant v. Kabaker et al.*, Case No. 3:17-cv-03261 (C.D. Ill. 2017); *Grant v. Kabaker et al.*, Case No. 3:17-cv-03257 (C.D. Ill. 2017); *Grant v. Kabaker et al.*, Case No. 1:17-cv-07092 (N.D. Ill. 2017); *Grant v. Illinois Department of Employment Security*; Case No. 3:17-cv-03207 (C.D. Ill. 2017); *Grant v. State of Illinois*, Case No. 3:17-cv-03206 (C.D. Ill. 2017); *Grant v. Illinois Department of Transportation*; Case No. 3:17-cv-03203 (C.D. Ill. 2017).

[17] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

[18] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[19] *Neitzke*, 490 U.S. at 327-28; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[20] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

4:19-cv-00031-RRB, *Grant v. Special Collection Service, et al.*
Order of Dismissal
Page 6 of 7
Case 4:19-cv-00031-RRB   Document 3   Filed 10/30/19   Page 6 of 7

Mr. Grant's complaint does not present allegations that support a claim with an arguable basis in either law or fact. Mr. Grant's narrative begins with his allegation that he was created by the Department of the Defense inside the Pentagon and ends with a listing of celebrity conspiracy theories. Additionally, by Mr. Grant's own admission in addition to the Court's review of dockets across the country, Mr. Grant has litigated these claims in numerous courts.[21] Accordingly, because Mr. Grant's complaint does not demonstrate an arguable basis in law or fact, in addition to have been filed in numerous other jurisdictions, this case is frivolous. Therefore, it must be dismissed.

**IT IS THEREFORE ORDERED:**

1. The Complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted and frivolousness;

2. All pending motions are DENIED AS MOOT.

3. The Clerk of Court is directed to enter a Final Judgment in this case.

DATED at Anchorage, Alaska this 30th day of October, 2019.

/s/ Ralph R. Beistline
Senior United States District Judge

---

[21] Docket 1 at 9, 11, 13-15; *see also supra* FN 16; the Court takes judicial notice that a search of district court filings from Mr. William Lee Grant returns 131 case filings. These filings feature the same or similar defendants across the country, including the District Courts of Massachusetts, Tennessee, California, Colorado, Hawaii, Virginia, Utah, Maryland, Florida, Guam, the Northern Mariana Islands, North Carolina, Rhode Island, the Virgin Islands, Texas, District of Columbia, New York, and Nebraska.

4:19-cv-00031-RRB, *Grant v. Special Collection Service, et al.*
Order of Dismissal
Page 7 of 7
Case 4:19-cv-00031-RRB   Document 3   Filed 10/30/19   Page 7 of 7